**UNITED STATES DISTRICT COURT**

**DISTRICT OF ALASKA**

| | |
|---|---|
| BRENDA BIGELOW,         ) | |
|                       ) | |
|         **Plaintiff,**     ) | **3:00-cv-00347 JWS** |
|                       ) | |
|    **vs.**                ) | **ORDER FROM CHAMBERS** |
|                       ) | |
| JOANNE BARNHART,     ) | **[Re:   Motion at Docket 34]** |
| **Commissioner of Social Security,**  ) | |
|                       ) | |
|         **Defendant.**    ) | |
|                       ) | |

## I.  MOTION PRESENTED

At docket 34, defendant Joanne Barnhart, Commissioner of Social Security, moves the court "to reverse and remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g)."[1]  Plaintiff Brenda Bigelow opposes the motion at docket 42.  Defendant did not file a reply.  Oral argument was not requested, and it would not assist the court.

## II.  BACKGROUND

This dispute arises from defendant's denial of plaintiff's application for disability benefits.  Plaintiff Brenda Bigelow applied for Supplemental Security Income ("SSI") benefits on October 22, 1996, alleging a disability onset date of October 2, 1992. The Social Security Administration ("SSA") denied plaintiff's application for SSI.  The SSA's decision was upheld on reconsideration.  Plaintiff requested and received a hearing

---

[1]Doc. 34 at 1.

before an Administrative Law Judge ("ALJ").  On November 30, 1998, the ALJ issued a decision denying plaintiff's application.  Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on September 15, 2000.

On November 20, 2000, plaintiff filed the underlying complaint seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).[2]  Plaintiff filed an amended complaint on March 22, 2001.[3]  On August 6, 2001, defendant filed a motion for remand for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g)[4] for the express purpose of locating plaintiff's claim file or, in the alternative, reconstructing a claim file.[5]  The court granted defendant's motion to remand by minute order dated October 4, 2001.[6]

On December 5, 2005, plaintiff filed a motion to compel defendant to comply with the requirements of sentence six "by preparing and filing the Certified Administrative Record and Transcript" for the court's review.[7]  By minute order dated April 14, 2006, the court granted plaintiff's motion and ordered defendant to comply with sentence six of

---

[2]Doc. 1.

[3]Doc. 10.

[4]Sentence six of 42 U.S.C. § 405(g) states,

The court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

[5]Doc. 21.

[6]Doc. 30.

[7]Doc. 31 at 2

-2-

§ 405(g) by filing the record of the Administrative Decision by May 15, 2006.  The court's order further stated:

> If defendant takes the position that the record lodged on March 15, 2006, is a record of the Administrative Decision which fully complies with the requirements of Sentence Six, defendant may respond to this order by filing on or before May 15, 2006, an affidavit or declaration from an appropriate person stating that the record lodged on March 15, 2006, is the complete record in full compliance with Sentence Six with respect to the Administrative Decision.[8]

Defendant subsequently filed a notice of compliance stating that "the record lodged on March 15, 2006, is the record of the Administrative Decision which fully complies with the requirements of Sentence Six."[9]  Defendant's notice further asserts that a complaint filed by plaintiff on March 2, 2006, which is also before this court,[10] "involves a separate application for social security benefits, a separate administrative decision, and thus a separate legal claim."[11]

On March 15, 2006, defendant filed a motion requesting the court "to reverse and remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g)."[12]  Defendant's motion for remand is now ripe for the court's review.

---

[8]Doc. 43.

[9]Doc. 43 at 2.

[10]Doc. 1 in 3:06-cv-0048 JWS.

[11]Doc. 43 at 2.

[12]Doc. 34.

### III. STANDARD OF REVIEW

For purposes of the Social Security Act ("SSA"), a "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected...to last for a continuous period of not less than 12 months."[13]  A person is not disabled if he or she is capable of engaging "in any...kind of substantial gainful work which exists in the national economy."[14]

Disability claims are evaluated using a five-step sequential analysis which is set forth in 20 C.F.R. § 404-1520.[15]  Upon denial of disability benefits, a claimant may request the SSA Appeals Council to review the ALJ's decision.[16]  Where, as here, the Appeals Council denies a request for review, the decision of the ALJ represents the final decision of the Commissioner.[17]  The claimant may then seek judicial review of the ALJ's decision by the district court.[18]

On *de novo* review, the district court may enter, upon the pleadings and a transcript of the record, a judgment affirming, modifying, or reversing the ALJ's decision, with or without remanding the case for a rehearing.[19]  The ALJ's decision must be upheld if it is supported by substantial evidence and the ALJ applied the correct legal standards.[20]  "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as

---

[13]42 U.S.C. § 423(d)(1)(A).

[14]42 U.S.C. § 423(d)(2).

[15]*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

[16]20 C.F.R. § 404.967.

[17]*Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193 n.1 (9th Cir. 2004) (citing 20 C.F.R. § 404.981).

[18]42 U.S.C. § 405(g).

[19]*Id.*

[20]*Howard v. Barnhart*, 341 F.3d 1006, 1011 (9th Cir. 2001).

-4-

adequate to support a conclusion.'"[21]  When evidence supports either confirming or reversing the ALJ's decision, the reviewing court may not substitute its judgment for that of the ALJ.[22]

## IV.  DISCUSSION

Defendant moves the court "to reverse and remand this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g)."[23] Sentence four of § 405(g) states, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."

In its motion for remand, defendant concedes that "[t]he Commissioner's final decision, issued on November 30, 1998 (Tr. 17-34), was not supported by substantial evidence or free of legal error."[24]  Defendant further asserts that the judgment must therefor go to plaintiff and the only remaining issue "is the choice of remedy, either further proceedings or immediate payment of benefits."[25]

Under 42 U.S.C. § 405(g), the court has discretion to remand a case for either additional evidence and findings or to award benefits.[26]  The court "may direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose."[27]  A remand for benefits is particularly indicated where a claimant has already experienced lengthy, burdensome litigation.[28]

---

[21]*Id.* (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)).

[22]*Batson*, 359 F.3d at 1196.

[23]Doc. 34.

[24]Doc. 35 at 2.

[25]*Id.*

[26]*Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

[27]*Id.*

[28]*Vertigan v. Halter*, 260 F.3d 1044, 1053 (9th Cir. 2001) .

-5-

Pursuant to defendant's request, this matter was previously remanded to the Commissioner of Social Security for further administrative proceedings in October of 2001.  Having presumably completed such additional administrative proceedings, defendant now takes the position that the administrative record lodged on March 15, 2006, "fully complies with the requirements of Sentence Six" of 42 U.S.C. § 405(g).[29] The court has reviewed the record lodged at docket 35, and finds that it does not support the ALJ's denial of plaintiff's application for disability benefits dated October 22, 1996.  In light of the fact that the court previously remanded this matter for further administrative proceedings and defendant had almost five years in which to conduct such additional proceedings and produced the administrative record lodged at docket 35, it does not appear that any useful purpose would be served by any additional administrative proceedings.  Moreover, plaintiff has already waited almost ten years for her disability determination, and any additional proceedings would only further delay her receipt of benefits.

Because defendant has conceded that the ALJ's decision denying plaintiff's application for disability benefits is not supported by substantial evidence nor free of legal error and should therefore be reversed, the court reverses the ALJ's decision denying benefits and finds that plaintiff was disabled throughout the relevant period.[30] In addition, because the court finds that no useful purpose would be served by further administrative proceedings and plaintiff has already waited almost ten years for a final decision on her application for benefits, the court exercises its discretion to remand this matter to the ALJ for the payment of benefits.

---

[29]Doc. 44 at 2.

[30]*Smolen*, 80 F.3d at 1292.

## V. CONCLUSION

For the reasons set out above, defendant's motion to remand at docket 34 is **GRANTED IN PART**, and this case is **REMANDED** to the ALJ for the payment of benefits.

DATED at Anchorage, Alaska, this 5th day of June 2006.


/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT COURT JUDGE